UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOHN PIERRE HARVEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-cv-4013-SLD-JAG |
| VINCENT LOPEZ, et al. | ) |
| Defendants. | ) |

ORDER

On January 23, 2012, the Plaintiff John Pierre Harvey, a prisoner at the Rock Island County Jail, filed a pro se Complaint in this Court making various factual and legal allegations. Based on a close reading of the Complaint, the Court believes that Harvey is seeking to allege the following claims:

- A Sixth Amendment violation for ineffective assistance of counsel.

- Relief under 42 U.S.C. § 1983 for violations of Harvey's due process rights. The violations appear to stem specifically from (1) police brutality by Harvey's arresting officers; (2) excessive force by Harvey's arresting officers; and (3) the failure of Rock Island County Jail to provide needed medical treatment while in its custody.

- Common law defamation of character and intentional infliction of emotional distress.

As they stand, the allegations are a nearly incomprehensible mixture of law and fact, and the Court cannot accept Harvey's Complaint in its current form.  For one, Harvey's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure requiring a short and plain

1

statement showing that he is entitled to relief.  Fed. R. Civ. P. 8(b).  Secondly, the Complaint fails to comply with Rule 20 because Harvey does not assert that his various claims arise out of the same transaction or occurrence, or that a question of fact or law is common to the multiple defendants in his Complaint.  Fed. R. Civ. P. 20(2)(A) and (B); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits[.]").  Harvey's Complaint is thus dismissed because of its procedural defects.  However, because Harvey is proceeding pro se, the Court will give him the opportunity to clarify his claims.  He is therefore instructed to allege his causes of action in a manner that identifies his specific legal claims and their factual basis.  Harvey must provide this information in a manner sufficient for the defendants to understand the claims being asserted against them.  The Court recommends that Harvey list each of his intended defendants, provide a brief statement after each one informing the Court of the claim against that defendant (i.e. how the defendant violated his rights), and include the time and place of the events in question.  The Court also advises Harvey to consider the following.

A plaintiff seeking relief under 42 U.S.C. § 1983 must (1) assert a claim that he was deprived of a federal right, such as a due process right guaranteed under the Fourteenth Amendment, and (2) assert that the person or people who deprived the plaintiff of that right acted under color of state law.  It is advised that Harvey see and complete the Section 1983 Pro Se Packet available through the Court.  With respect to the common law tort of defamation in Illinois, a plaintiff must demonstrate that (1) the defendant made a false statement about the plaintiff; (2) the defendant made an unprivileged publication of that statement to a third party; and (3) the publication caused damages.  *Green v. Rogers*, 917 N.E.2d 450, 459 (2009).  A plaintiff alleging intentional infliction of emotional distress must demonstrate (1) the conduct

was extreme and outrageous; (2) the defendant intended his or her conduct to inflict severe emotional distress; and (3) the conduct must cause severe emotional distress. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 79-80 (2003). The Court further advises that any allegation regarding ineffective assistance of counsel is premature until after Harvey brings such a claim in state court and it has been resolved against him.

Finally, Harvey is advised of the mandate of Federal Rule of Civil Procedure 11. Pursuant to Rule 11, any contentions in his Complaint must have factual support and must not be brought merely to harass the defendants. Any frivolous allegations are subject to sanctions at the Court's discretion.

Therefore, Harvey is instructed to submit a Complaint that complies with the Local Rules and this Order by March 12, 2012. Failure to comply by the deadline will result in dismissal of this case. The Clerk's office is instructed to provide Harvey a copy of the "Standard 42:1983 Civil Rights Complaint Packet" for him to complete. Entered this 13th day of February, 2012.

s/ Sara Darrow  
SARA DARROW  
UNITED STATES DISTRICT JUDGE