UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

JOHN PIERRE HARVEY,
    Plaintiff,

v.

                                                12-CV-4013

DR. LARRY PETERSON,
    Defendant.

**OPINION**

      Plaintiff has filed three additional motions for the appointment of *pro bono* counsel. [27, 28, 30]  As previously explained, the court asks two questions in considering Plaintiff's motion: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993); *see also* September 7, 2012 Text Order.  The Plaintiff still has not adequately demonstrated he has attempted to find counsel on his own.   The Plaintiff says he has contacted Northwestern University and two law clerks. [d/e 27]  However, the Plaintiff has not listed any other attorneys contacted, nor has he provided copies of any letters sent or received from attorneys.  The court does not find this to be a reasonable attempt to find counsel.  In addition, the Plaintiff has not demonstrated he is somehow prevented from finding counsel on his own.

      Even if the Plaintiff had passed this initial hurdle, he still appears competent to represent himself at this stage of the proceedings.  As the Seventh Circuit stated in *Pruitt*:

> the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Pruitt*, 503 F.3d at 655 *(quoted and other cites omitted)*

      The Plaintiff argues he is not competent to represent himself and has included a copy of a June 20, 2011 report from a Clinical and Forensic Psychologist concerning his fitness to stand trial for a criminal charge. [28, p. 7].  The doctor states the Plaintiff's long-term difficulties do not preclude trial fitness and the Plaintiff does have an ability to understand the claims against him and courtroom procedures.  The Plaintiff also makes reference to vague disabilities, but has not provided the court with any specific evidence of a medical or mental disability.

      The Plaintiff was also given the opportunity to amend his complaint and he took

advantage of the opportunity to change his initial claims. [d/e 1; February 13, 2012 Order; [d/e 7]; August 15, 2012 Merit Review Order].   Therefore, the Defendants have filed a motion for summary judgment and the initial argument alleges the Plaintiff did not exhaust his administrative remedies as required.   The Plaintiff must pass this initial hurdle to continue with his litigation and he appears capable of stating what steps he took to file a grievance.

Based on the information available in the record, the Court concludes that Plaintiff appears competent to proceed *pro se*.  Should the case proceed to the point that assistance of counsel is appropriate, the court may revisit the issue.

IT IS THEREFORE ORDERED that Plaintiff's motions for the appointment of counsel are denied.[27, 28, 30]

Entered this 3rd day of September, 2013.


s/Sara Darrow
_____
SARA DARROW
UNITED STATES DISTRICT JUDGE